UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DIANE JULIA WYLIE,

                     Plaintiff,

          - against-

BEDFORD HILLS CORRECTIONAL FACILITY OF
THE STATE OF NEW YORK, DR. KRAMER,
NURSE ROBERTS, OFFICER GENTILE, and
CENTRAL NEW YORK PSYCHIATRIC CENTER,

                    Defendants.
------------------------------------x

07 Civ. 6045 (DLC)(DFE)

MEMORANDUM AND ORDER
This is not an ECF case

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/08

DOUGLAS F. EATON, United States Magistrate Judge.

    1. On May 8, 2008, Judge Cote issued a 7-page Memorandum Opinion and Order, plus a 2-page Order. The 2-page Order said, in part:

> IT IS FURTHER ORDERED that the parties shall direct all correspondence relating to this case to [the] Pro Se Clerk's Office, 500 Pearl Street, Room 230, New York, NY 10007.

It may be that Ms. Wylie did not receive those two orders; they were sent to the Bedford Hills Correctional Facility, but Ms. Wylie has again been transferred to the Central New York Psychiatric Center to evaluate her competence. I enclose (for Ms. Wylie) another copy of Judge Cote's two orders. In the future, the parties must obey Judge Cote's directive and mail all correspondence relating to this case to the Pro Se Clerk's Office. That office will then forward the correspondence to me and/or to Judge Cote, as it deems appropriate. (Defense counsel may fax a copy to me, but must mail the original to the Pro Se Office at Room 230.)

    2. On June 2, 2008, Judge Cote asked me to rule on (a) Ms. Wylie's May 16, 2008 letter addressed to me, and (b) AAG Schulze's May 19, 2008 reply letter addressed to Judge Cote. Ms. Wylie seeks a discovery conference, while AAG Schulze asks that the case be placed on the suspense docket until Ms. Wylie is returned from the psychiatric center to the custody of the Department of Correctional Services ("DOCS"). He points out

USDC SDNY
DATE SCANNED 6/3/08

that, until a physician opines that Ms. Wylie is fit to proceed
with litigation, it will be unclear whether she is competent to
(a) decide whether to discontinue her lawsuit against Nurse
Roberts, (b) consent to the release of her mental health records
to defense counsel, and (c) give a deposition.

3. **I hereby direct that this lawsuit be placed on the
suspense docket** until Ms. Wylie is returned to the custody of
DOCS, or until she receives a medical opinion that she is
competent to engage in litigation. While the stay is in effect,
I direct AAG Schulze to fax me a status report (at least as often
as every 90 days) on the views of Ms. Wylie's physicians
concerning her competence to engage in litigation.

4. As soon as I receive any medical opinion that Ms. Wylie
is competent to engage in litigation, then I will hold a
telephone conference with her and AAG Schulze.

_____
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated:    New York, New York
          June 2, 2008

Copies of this Memorandum and Order are being sent by mail to:

Diane Julia Wylie
DOCS # 00-G-0602
CNYPC # 139862
Central New York Psychiatric Center
P.O. Box 300
River Road
Marcy, NY 13403-0300
(with a copy of Judge Cote's 5/8/08 Memorandum Opinion and Order,
and a copy of Judge Cote's 5/8/08 two-page Order)

Daniel Schulze, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, NY 10271-0332

Pro Se Office
Room 230, U.S. Courthouse
500 Pearl Street
New York, NY 10007

Hon. Denise L. Cote